**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor,<br><br>  Plaintiff,<br><br>vs.<br><br>Pool Corporation ( of Delaware) a/k/a SCP Pool Corporation, et al.,<br><br>  Defendants. | No. CV-07-1984 PHX-DGC<br><br>**ORDER** |

On October 16, 2008, the Court held a discovery conference call with the parties. Plaintiff complained that defense counsel had instructed Terry Speth, a witness in a deposition held on October 10, 2008, not to answer questions regarding allegations of sexual harassment. Plaintiff complained of other conduct as well. The Court requested that the parties provide a copy of the deposition transcript. The parties have now provided the transcript and the Court has reviewed it.[1]

The Court concludes that defense counsel inappropriately instructed Mr. Speth not to answer questions. The Federal Rules of Civil Procedure state that an attorney may give such an instruction only in three limited circumstances: "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

---

[1] When providing the transcript, Plaintiff attempted to present written arguments by email. As Plaintiff is aware, this practice is contrary to the Court's Case Management Order. That order does not permit the presentation of written discovery arguments without leave of court. *See* Dkt. #17, ¶ 6(a). The Court has not considered Plaintiff's written arguments.

1 Fed. R. Civ. P. 30(c)(2). Defense counsel does not assert a privilege and did not seek
2 protection under Rule 30(d)(3). He instructed Mr. Speth not to answer questions regarding
3 alleged claims of sexual harassment. Although defense counsel argued during the conference
4 call on October 16, 2008, that the Court had previously prohibited such discovery, this is not
5 correct. The Court has reviewed its order of September 30, 2008 (referred to by defense
6 counsel during the conference call). The Court did not address the question of sexual
7 harassment allegations against Mr. Speth. The written discovery request that sought to obtain
8 such information with respect to a lawsuit filed by Carol L. Lawson was not at issue when
9 the Court ruled. *See* Dkt. #58 at 16.[2] The Court did rule, with respect to Plaintiff's Request
10 for Production No. 2, that Defendant was required to produce only certain documents from
11 Mr. Speth's personnel file, but did not address allegations of sexual harassment against him.
12 *See* Dkt. #58 at 3-4. Because the Court had not entered a previous order on this subject,
13 defense counsel was not within one of the three limited circumstances identified in
14 Rule 30(c)(2) and therefore improperly instructed Mr. Speth not to answer. If defense
15 counsel felt the question was inappropriate, he should have objected or, if warranted,
16 instructed the witness not to answer and immediately sought relief from the Court pursuant
17 to Rule 30(d)(3).

18 Defense counsel also instructed Mr. Speth not to answer questions he regarded as
19 repetitive. He would state the objection of "asked and answered," followed by the statement
20 "next question." "Asked and answered" is not an objection found in the Federal Rules of
21 Evidence or the Federal Rules of Civil Procedure. If counsel believes that repetitive
22 questioning rises to the level of harassment, counsel can seek relief pursuant to
23 Rule 30(d)(3). Instructing a witness not to answer every time a question is asked twice is not

---

[2] Plaintiff's document request number 4 initially raised the issue of Ms. Lawson's harassment complaint, but that issue was withdrawn before the Court ruled. *See* Dkt. #58 at 16. The issue also arose in Plaintiff's request number 7, but Defendant asserted that it had produced all responsive documents and the Court was not required to rule on the whether the sexual harassment claims were discoverable. *Id.* at 18.

- 2 -

1 appropriate under Rule 30(c)(2).

2     The Court has considered requiring Defendant to pay the cost for the remainder of Mr.
3 Speth's deposition, but concludes that Plaintiff should not have terminated the deposition on
4 the basis of the instructions not to answer.  Plaintiff had spent little time in the deposition
5 addressing the claims at issue in this case and defense counsel suggested that those issues be
6 addressed before the deposition was adjourned, but Plaintiff refused to continue and
7 terminated his questioning.

8     Because the witnesses was improperly instructed not to answer, the Court will permit
9 the deposition to be completed.  Because Plaintiff should have completed the deposition on
10 subjects other than those on which the improper instruction had been given, the Court will
11 not require Defendant to pay the costs of the resumed deposition.

12     **IT IS ORDERED** that Defendant shall produce Terry Speth for the completion of his
13 deposition.

14     DATED this 23rd day of October, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge