**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Billy Taylor, | ) | No. CV-07-1984 PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Pool Corporation (of Delaware) a/k/a SCP Pool Corporation, et al., | ) | |
| Defendants. | ) | |

The Court held a discovery conference call with the parties on November 5, 2008. The first issue addressed was whether Plaintiff is entitled to inquire about prior allegations of sexual harassment brought against Terry Speth, a supervisor employed by Defendant and who allegedly was involved in the rescission to Plaintiff's employment offer.

Plaintiff claims that an offer of employment extended by Defendant was withdrawn because Plaintiff is African American. Although his complaint also contains a retaliation claim, it is based on the same allegation of race discrimination. Plaintiff claims that because he complained about the withdrawal of his offer, Defendant retaliated by failing to investigate whether the withdrawal was permissible. Without addressing whether or not such circumstances support a retaliation claim, the Court notes that the retaliation claim, like the discrimination claim, is based on race.

The Court concludes that prior allegations of sexual harassment against Terry Speth are not relevant to the question of whether Plaintiff was discriminated or retaliated against

1  on the basis of his race. *See Crowe v. Wiltell Communications Sys.,* 103 F.3d 897, 900 (9th
2  Cir. 1996) ("Crowe alleged that the defendants discriminated against her based on her
3  gender. Since evidence of sexual orientation and racial discrimination did not relate directly
4  to any issue at trial, the district court did not abuse its discretion in excluding this
5  evidence."); *Rauh v. Coine*, 744 F.Supp. 1181. 1183 (D.D.C. 1990) (evidence of
6  discrimination against black employees had "little probative value" to a sex discrimination
7  claim and "would have a very great potential for prejudice").

8  Plaintiff also has asked the Court to extend the discovery period in this case for 60
9  days. The discovery deadline established in the Court's Case Management Order (Dkt. #17)
10 was October 31, 2008. In an order granting a motion filed by Plaintiff under Rule 56(f), the
11 Court advised Plaintiff that he needs to diligently pursue discovery and that the Court would
12 not extend the discovery deadline absent truly extraordinary circumstances. Dkt. #51.
13 Because the deadline in this case has not previously been extended, Plaintiff is representing
14 himself pro se, and previous problems have arisen with respect to Plaintiff's attempts to
15 complete depositions (Dkt. #64), the Court concludes that circumstances exist for one
16 extension of the discovery deadline. The deadline shall be extended to **December 19, 2008**.
17 Additional extensions will not be granted.

18 Plaintiff asserted during the conference call that he should be permitted to conduct
19 discovery concerning salaries paid to various employees of Defendant. He asserts that there
20 is a disparity between salaries paid white employees and those paid black employees, and
21 that this disparity would be probative of his claim of race discrimination. The Court
22 concludes that Plaintiff will be permitted to conduct written discovery of salaries paid to
23 other credit managers and to team leaders who reported to those credit managers, but not
24 with respect to any other positions.

25 Finally, Plaintiff asked the Court to reconsider its previous rulings which denied him
26 the right to obtain personnel files with respect to particular individuals. The Court previously
27 required Defendant to produce some information short of full personnel files. The Court will
28 not revisit this decision.

1    **IT IS ORDERED** that the discovery deadline shall be extended to
2    **December 19, 2008**. Additional extensions will not be granted.
3    DATED this 6th day of November, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge