**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor, | No. CV-07-1984-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Horizon Distributors, Inc., | |
| Defendant. | |

Plaintiff has filed a motion for reconsideration pursuant to Local Rule 7.2(g)(1). Dkt. #123. Plaintiff requests that the Court reconsider its June 23, 2009 order granting summary judgment to Defendant on Plaintiff's Title VII and 42 U.S.C. § 1981 claims. Dkt. #120. For the reasons that follow, the Court will deny Plaintiff's motion.

**I.     Background.**

In August of 2007, Plaintiff applied to be a Credit Manager with Defendant. After several interviews and communications, Defendant made Plaintiff a conditional offer of employment and requested that Plaintiff submit to a background check. Dkt. #109 ¶¶ 184-85. When Plaintiff was advised that his background check required further investigation, Plaintiff for the first time disclosed that there were twelve felony charges pending against him in Maricopa County Superior Court for accepting unemployment payments while he was employed. *Id.* ¶ 186. Plaintiff explained that he had accepted the payments on the basis of

inaccurate information given to him by a Department of Economic Security employee. *Id.* ¶ 187. On September 25, 2007, Plaintiff was told that his job offer was being rescinded based on the information he had provided about receiving unemployment checks while working. *Id.* ¶ 191.

Plaintiff sued Defendant alleging race discrimination and retaliation claims. Dkt. #6. On June 23, 2009, the Court entered an order granting Defendant's motion for summary judgment on Plaintiff's remaining discrimination claims because Plaintiff failed to demonstrate that the legitimate, non-discriminatory reason proffered by Defendant for terminating Plaintiff's offer of employment was actually a pretext for race discrimination. Dkt. #120. Plaintiff requests that the Court reconsider this ruling on the basis of issues that were "grossly overlooked and misapprehended" by the Court. Dkt. #123.

**II. Legal standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Mere disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)); *see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider

material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III.	Analysis.**

Plaintiff first asserts that the Court should have submitted this case to a jury because Plaintiff demonstrated pretext by showing that Defendant's proffered explanation for the termination of his job offer is unworthy of credence. Dkt. #123 at 3. Plaintiff contends that he met his burden because Defendant's legitimate, non-discriminatory explanation is "so incredible that only a jury can decide" whether it is credible. Plaintiff claims the Court overlooked evidence of pretext by failing to mention that Plaintiff's conduct in accepting unemployment payments occurred twelve years before the job offer was revoked. The Court is aware that the conduct occurred in 1995. This fact does not amount to the specific and substantial evidence of pretext needed to create a triable issue with respect to whether the employer intended to discriminate. Dkt. #120 at 6 (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)).

Plaintiff also asserts that the Court failed to consider his statistical evidence in support of pretext. Plaintiff's response to the motion for summary judgment, however, used the statistical evidence to support a prima facie case of discrimination outside of the *McDonnell Douglas* context, not in support of pretext. Dkt. #108 at 7; *see also* Dkt. #120 at 5 n. 3. The Court assumed that Plaintiff established a prima facie case. *Id.* at 5. Plaintiff's argument that the statistics support a finding of pretext is a new argument not permitted in a motion for reconsideration. Moreover, even if the Court were to consider the statistical evidence on the question of pretext it would at most be circumstantial evidence. None of it relates to the events at issue in this case or the reasons provided by Defendant for withdrawing Plaintiff's offer – concern for Plaintiff's judgment in accepting unemployment checks while employed, leading to a 12-count indictment. As circumstantial evidence of pretext, the statistics do not constitute the specific and substantial evidence needed to create a triable issue of fact. *See Godwin*, 150 F.3d at 1222.

In the remaining sections of his motion, Plaintiff reiterates arguments and facts presented in his brief in opposition to the motion for summary judgment. Plaintiff states numerous facts that he alleges demonstrate that Defendant did not have proper procedures in place to prevent discrimination. Dkt. #123 at 7-9. Plaintiff claims that the Court failed to recognize that Defendant asserts the job offer was revoked because of Plaintiff's poor decision-making skills, not because of the twelve pending felony charges. *Id.* at 9. Plaintiff further quotes sections of the Court's June 23, 2009 order and explains why Plaintiff believes they are incorrect. Plaintiff fails to address new facts or law. All of the information cited by Plaintiff was provided in Plaintiff's summary judgment brief and considered by the Court.

Plaintiff further argues that the Court should not have stricken his surreply filed without leave of Court and should not have denied his motion for sanctions. Dkt. #123 at 14-15. The Court will not alter its ruling on either matter.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #123) is **denied**.

DATED this 6th day of August, 2009.

David G. Campbell
United States District Judge