**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor, | No. CV-07-1984-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Horizon Distributors, Inc., | |
| Defendant. | |

In October of 2007, Plaintiff Billy Taylor filed suit in this Court, seeking back pay and lost wages under Title VII of the Civil Rights Act of 1964. Dkt. #1. On June 23, 2009, the Court entered judgment in favor of Defendant Horizon Distributors and against Taylor. Dkt. #121. Taylor has appealed the Court's decision and has filed a motion pursuant to Federal Rule of Civil Procedure 62 asking the Court stay the judgment against him. Dkt. #142. The motion is fully briefed. Dkt. ##144, 145. For the reasons that follow, the Court will deny the motion.

Taylor seeks a stay pending appeal under Rule 62(b). Rule 62(b), however, concerns stays pending the disposition of a motion. The Court will construe Taylor's motion as a request for a stay of judgment pending appeal without the requirement of a supersedeas bond under Rule 62(d).

Rule 62(d) provides that a party may obtain a stay of a money judgment by posting a supersedeas bond. In certain circumstances, a district court may waive the bond requirement and still stay the judgment. Because "the posting of a bond is itself 'a privilege

extended the judgment debtor as a price of interdicting the validity of an order to pay money,'" however, the Court should not depart from "'the usual requirement of a full security supersedeas bond'" unless the moving party "'demonstrate[s] the reasons for such a departure.'" *Biltmore Associates, L.L.C. v. Twin City Fire Ins. Co.*, No. CV 05-4220-PHX-FJM, 2007 WL 2422053, *1 (D. Ariz. Aug. 22, 2007) (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "When determining whether to waive the posting of bond, the district court may look to several criteria . . . : (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (9th Cir. 1988) (internal quotations and citations omitted); *see also United States v. General Dynamics C4 Systems, Inc.*, No. CV 06-01381-PHX-NVW, 2010 WL 384594 (D. Ariz. Jan. 29, 2010); *Biltmore Associates, L.L.C.*, 2007 WL 2422053.

Taylor argues that factor (5) weighs heavily in his favor because "absent a stay, [he] would undoubtedly be forced to seek bankruptcy protection to ward off Horizon's attempts to collect on the cost judgment which would affect [his] other creditors."[1] Dkt. #142 at 3. Taylor, however, provides no evidence supporting his contentions that he would be forced

---

[1] Taylor also argues that, absent a stay pending appeal, he would be irreparably harmed and that granting the stay would not harm Horizon. Dkt. #142 at 3. In so doing, he argues that the Court should apply the sliding scale analysis previously used by the Ninth Circuit for injunctive relief and stays pending appeal. *See, e.g., Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115-1116 (9th Cir. 2008). That standard, however, no longer applies. *See Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir.2009) (preliminary injunction); *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir, 2009) (stay pending appeal). Moreover, the balance of hardships is not a factor enumerated in *Dillon*. 866 F.2d at 904-05.

1 to seek bankruptcy protection and that his other creditors would be harmed. As a result, he does not meet his burden of proving that the Court should waive the bond requirement. *Biltmore Associates, L.L.C.*, 2007 WL 2422053, *1.

Horizon argues that factors (1), (3), and (4) weigh in its favor and that, as a result, the Court should require a bond. Dkt. #144 at 4. The Court agrees with Horizon. As to factor (1), although the collection process should be relatively simple, Taylor's repeated attempts to avoid paying the judgment show that the collection process likely will continue to be difficult. As to factor (3), this Court made clear in its order of January 22, 2010 that it has little confidence that Taylor has funds to pay the judgment. Dkt. #139 at 2. And as to factor (4), it certainly is not plain that Taylor has the ability to pay the judgment.

Taylor has failed to meet his burden of showing that the Court should waive the bond requirement. If he wishes to obtain a stay of the judgment against him pending appeal, he must file a supersedeas bond as required by Rule 62(d) for the full amount of the judgment.[2]

**IT IS ORDERED** that Taylor's motion for waiver of the bond requirement for a stay pending appeal (Dkt. #142) is **denied**.

DATED this 16th day of February, 2010.

---

David G. Campbell
United States District Judge

---

[2] Taylor argues that this Court already ruled that he need not obtain a bond pending appeal in order to receive a stay. Dkt. #145 at 4. Taylor is incorrect. This Court ruled that Taylor need not post a bond pursuant to Federal Rule of Appellate Procedure 7 to secure any costs that Horizon may incur on appeal – costs that it may incur in the future. Dkt. #139. The question now before the Court is whether Taylor may avoid paying the judgment entered against him for costs already incurred by Horizon. This is a substantially different question, and the standards that apply to the present question are more onerous for the debtor than the standards under Federal Rule of Appellate Procedure 7.